IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV179-03-MU

| | |
|---|---|
| ROBERT WAYNE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER CRAWLEY; LIEUTENANT C. ) | |
| COVINGTON; MS. J. BENNETT; ) | |
| SARGENT L GIBSON; RICK JACKSON, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 13, 2006. (Document No. 1.)

In his Complaint Plaintiff alleges that on November 17, 2005 Officer Crawley told him he could not have recreation time because his windows were covered. Plaintiff further alleges that when he asked Officer Crawley why others in the same situation were not denied recreation time, Officer Crawley replied using profanity. Plaintiff filed a grievance regarding the incident and was told by Lieutenant Covington that Officer Crawley would not be assigned to work around the Plaintiff again until the situation could be further investigated. (Complaint at 4.) The next week, Officer Crawley was assigned to Plaintiff's housing unit and allegedly told other inmates that the Plaintiff wrote him up. Several inmates yelled that Plaintiff was a "dead man" when he returned to the general population. (Complaint at 4-5.) Plaintiff was scheduled to return to the general population on December 29, 2005. However, because of the "psychological injury caused by the fear of harm, Plaintiff wrote another grievance concerning his release from isolation. Plaintiff told Ms.

1

J. Bennett, Superintendent at Lanesboro, that he would "rather get a write up before.[he] would go back to population, and requested that he be transferred for his own protection. On March 19, 2006 Officer Crawley came into Plaintiff's housing unit to serve breakfast. Plaintiff went to speak to Sargent Gibson who told him she would" take care of the matter." (Complaint at 5.) According to Plaintiff, Sargent Gibson failed to act on his behalf. Plaintiff also wrote Warden Rick Jackson twice and he failed to respond to Plaintiff's concerns. (Complaint at 5.)

Plaintiff's allegations regarding Officer Crawley's use of profanity do rise to the level of a Constitutional challenge. Plaintiff alleges that Officer Crawley told him to "mind [his] own f___ business and continued cursing and called [him] a check off." (Complaint at 4.) While Officer Crawley's comments, if true, are disturbing, verbal abuse by guards, without more, states no claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd, 917 F.2d 1302 (4th Cir. 1990).

With respect to the other named defendants, Plaintiff does not allege any facts which rise to the level of a constitutional challenge. At most, the other named defendants did not act in a way that Plaintiff wanted, however, they did nothing to violate the constitution. In short, the allegation against all of the other defendants are not sufficient to state a constitutional claim.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: April 24, 2006

Graham C. Mullen
United States District Judge